UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-814-JST (MLGx)                                              Date:  September 2, 2011
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                   Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION (Doc. 28)**

　　　　On September 1, 2011, Plaintiff filed an ex parte application to modify the Court's August 23, 2011 Order Granting Plaintiff's Motion for Preliminary Injunction ("Order"). (Doc. 28.)  The Court's Order (i) enjoined Defendants from proceeding with a foreclosure sale of Plaintiff's home, (ii) ordered Plaintiff to make continued monthly mortgage payments in the amount of $2,016.50 for the duration of the injunction, and (iii) ordered the parties to participate in loan modification settlement proceedings.  (Doc. 26.)  Plaintiff now asks the Court to modify its Order to instead require Plaintiff to post a bond with the Court in the amount of two monthly payments of $2,016.50, and to postpone loan modification settlement proceedings until Defendant JP Morgan Chase Bank, N.A. ("Chase") establishes its beneficial interest in his mortgage loan.  (Doc. 28 at 20.)

　　　　Plaintiff has entirely failed to show good cause that would require ex parte relief.  *See generally Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  In order to prevail on his ex parte application, Plaintiff must establish that he "should be allowed to go to the head of the line in front of all other litigants and receive special treatment" because he "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* at 492.

　　　　Here, Plaintiff has not demonstrated any irreparable injury that justifies "go[ing] to the head of the line" to request a modification of the Court's Order.  *Id*.  *First*, Plaintiff will not suffer irreparable harm by making monthly mortgage payments to Chase.  Chase is a party to this case, and therefore subject to the Court's jurisdiction.  If the Court deems appropriate a modification of its Order after considering Plaintiff's regularly noticed motion for relief, it may order Chase to transfer to the Court any mortgage payments made by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)            Date:  September 2, 2011
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

*Second*, Plaintiff will not be irreparably harmed by engaging in loan modification settlement proceedings with Defendants.  To the contrary, those proceedings will afford the parties the opportunity to examine, with the assistance of an experienced Attorney Settlement Officer, the necessary mortgage documents to determine which entities have an interest in Plaintiff's loan.

Thus, the Court DENIES Plaintiff's ex parte application without prejudice to the filing of a regularly noticed motion for relief.

Initials of Preparer:  enm