UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-814-JST (MLGx)                                    Date:  May 6, 2013
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                    Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 77)**

Before the Court is a Motion to Dismiss Second Amended Complaint filed by Defendants JP Morgan Chase Bank, N.A., and California Reconveyance Company. (Mot., Doc. 77.)  Plaintiff Mohammed Mazed filed an opposition, and Defendants replied.  (Opp'n, Doc. 82; Reply, Doc. 83.)  Having reviewed the papers, and taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

**I.   Background**

When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint.  *Hemi Grp., LLC v. City of New York*, 130 S. Ct. 983, 986-87 (2010).  Plaintiff purchased his home located at 17460 Bramble Court, Yorba Linda, California, with a mortgage loan from Washington Mutual ("WaMu") in December of 2002.  (Second Am. Compl. ("SAC") ¶¶ 1, 66-67, Doc. 73.)  In June 2006, WaMu's agent, Lee Sweere, offered Plaintiff a Negatively Amortizing-Adjustable Rate Mortgage ("2006 Mortgage Loan").  (*Id.* ¶ 74.)  Ms. Sweere assured Plaintiff that he would be able to convert the 2006 Mortgage Loan into a fixed rate mortgage loan, and that she would make certain the loan application met with WaMu's guidelines for the 2006 Mortgage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-814-JST (MLGx) | Date: May 6, 2013 |
| Title: Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al. | |

Loan and a second mortgage Home Equity Line of Credit ("HELOC"). (*Id*. ¶¶ 75, 78.) WaMu approved both the 2006 Mortgage Loan (for $980,000) and the HELOC. (*Id*. ¶ 81.)

On August 28, 2006, WaMu recorded a Deed of Trust for the 2006 Mortgage Loan with the Orange County Recorder's Office, naming WaMu as the lender and beneficiary and CRC as trustee. (Request for Judicial Notice ("RJN") Ex. 1, Doc. 78.)[1] Thereafter, WaMu transferred its interest in the 2006 Mortgage Loan to the WaMu Mortgage Pass-Through Certificates Series 2006-AR13 Trust (the "Trust") pursuant to a Pooling and Service Agreement. (SAC ¶¶ 172-76, 232.) Plaintiff contends that WaMu retained no beneficial interest in the loan after it was transferred to the Trust. (*See id*. ¶¶ 283-284.)

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. On that same date, Chase entered into a Purchase and Assumption Agreement with the FDIC to assume certain assets and liabilities of WaMu. (RJN Ex. 3.) Chase contends that this transfer of assets included a beneficial interest in the 2006 Mortgage Loan. (Mot. at 2-3.) On August 12, 2010, Chase recorded an Assignment of Deed of Trust naming Bank of America, N.A. as successor trustee for the Trust and assigning to it all beneficial interest in the Deed of Trust for the 2006 Mortgage Loan. (RJN Ex. 4.)

Plaintiff experienced financial difficulty and, in April 2009, submitted a loan modification application to Chase, which was denied. (FAC ¶¶ 286-88.) Plaintiff re-applied for loan modification in November 2009. (*Id*. ¶ 288.) Plaintiff remained current with his mortgage loan payments as he submitted these applications. (*Id*. ¶ 289.) In December 2009, Chase informed Plaintiff that he would not qualify for a loan

---

[1] Defendants filed a request for judicial notice in support of their Motion, asking the Court to take notice of: (i) the Deed of Trust recorded on August 28, 2006, which secured the New Mortgage Loan; (ii) the Deed of Trust recorded on August 28, 2006, which secured the HELOC; (iii) the Purchase and Assumption Agreement between the FDIC and Chase dated September 25, 2008; (iv) the Assignment of Deed of Trust in favor of Bank of America, recorded on August 12, 2010; and (v) the Notice of Default and Election to Sell filed with respect to the Property on March 4, 2011. Defendants' request is GRANTED, as the contents of these documents are "not subject to reasonable dispute" in that they are "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-814-JST (MLGx)            Date: May 6, 2013

Title: Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

modification until he was delinquent in his mortgage payments for at least two months. (*Id*. ¶ 290.) Plaintiff then skipped payments in January and February 2010 and obtained a Trial Loan Modification in March 2010. (*Id*. ¶¶ 292-93.)

Chase's representative, Cornelius Smith, told Plaintiff that the Trial Loan Modification would be transformed into a permanent mortgage loan when Plaintiff made three successful payments. (*Id.* ¶ 295.) Plaintiff made five sequential monthly payments to Chase under the trial modification and delivered the necessary documentation to receive a permanent loan modification, but Chase allegedly misapplied the payments and simultaneously pursued foreclosure. (*Id*. ¶¶ 296, 298-99.) Chase denied Plaintiff's permanent loan modification in September 2010. (*Id*. ¶ 312.)

On March 4, 2011, CRC recorded a Notice of Default and Election to Sell Under Deed of Trust for the 2006 Mortgage Loan. (RJN Ex. 5.)

On May 27, 2011, Plaintiff filed the instant lawsuit, asserting myriad foreclosure-related claims, (*see* Compl., Doc. 1), and on November 14, 2012, the Court granted in part Defendants' motion to dismiss, dismissing Plaintiff's federal claims and declining to rule on the motion as to Plaintiff's state-law claims in light of the lack of diversity jurisdiction in this case. (*See* Doc. 57.) Plaintiff then filed a First Amended Complaint. (Doc. 59.) After another motion to dismiss, Plaintiff filed his voluminous Second Amended Complaint, [2] and the instant Motion followed.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a

---

[2] In the Court's Order on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, the Court noted that the lengthy expositions on purported abuses in the mortgage industry in Plaintiff's FAC did not help his claims. (*See* Order at 3, n.2, Doc. 72.) Plaintiff responded to that subtle hint by filing an even more voluminous SAC, featuring 180 pages (excluding exhibits) and 708 numbered paragraphs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)                                        Date:  May 6, 2013

Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

      To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  The issue on a motion to dismiss for failure to state a claim "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims" asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

      In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-814-JST (MLGx)                         Date:  May 6, 2013
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

### III. Discussion

#### Third Claim: Unjust Enrichment

Defendants move to dismiss Plaintiff's third claim for unjust enrichment. Plaintiff alleges that Defendants "were unjustly enriched when they converted [Plaintiff's payments] for their own use, both as the pretender-lender, and in their dual tracking scheme for the Trial Modification Loan." (SAC ¶ 528.) Plaintiff continues: "Defendants made false assurances, representations and promises regarding true intentions, facts, terms and effects of the mortgage loan and various loan modification schemes to commit fraud." (SAC ¶ 530.)

As the Court has previously explained, this is not a claim upon which relief can be granted. Under California law, "[t]here is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) (citation omitted). Thus, again, the Court construes Plaintiff's unjust enrichment claim as a claim for restitution. "Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another." *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996). "A person is enriched if he receives a benefit at another's expense." *Id.* However, "[e]ven when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *Id.* (internal quotation marks and citation omitted).

In short, Plaintiff's theory of restitution relies on his allegation that Defendants do not own any security interest in his 2006 Mortgage Loan and, as a result, are not the proper parties to collect his loan payments. (*See also* Order at 5-6 (denying Defendants' motion to dismiss as to Plaintiff's wrongful-foreclosure claim), Doc. 72.) "Plaintiff [therefore] sufficiently alleges facts that put Defendants' legal rights that derive from the [loan documents] in question. Consequently, Plaintiff adequately alleges facts that show Defendants were unjustly enriched in collecting payments based on those presumed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)                      Date:  May 6, 2013
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

rights." *Naranjo v. SBMC Mortgage*, 11-CV-2229-L WVG, 2012 WL 3030370, at *5 (S.D. Cal. July 24, 2012).  Accordingly, Plaintiff has stated a claim for restitution.

The Motion is denied as to this claim.

### Fifth Claim: Violation of Civil Code § 1572 & Actual Fraud

Plaintiff's fifth claim is for fraud, against Defendant Chase only.  This claim rests on Plaintiff's allegation that Cornelius Smith, Chase's representative, represented that he (Plaintiff) would be able to obtain a permanent loan modification after three consecutive payments under the trial modification loan.  (*See* SAC ¶ 549.)  Similarly, Plaintiff alleges that Defendant concealed the fact that it would not, under any circumstances, grant Plaintiff a permanent loan modification.  (*Id.* ¶ 551.)

Plaintiff also alleges that Defendant failed to disclose the "true terms and true effects of the New Mortgage Loan and the HELOC," (SAC ¶ 582), that the Notice of Default was "false representation," (*id.* ¶ 558), and that Defendant failed to credit payments made and "foreclosed on the Subject Property based on Plaintiff's alleged nonpayment which they knew to be false."  (*Id.* ¶ 568.)

"The elements of intentional misrepresentation, or actual fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997) (quotation marks omitted).

Plaintiff's first theory, concerning the representation of Cornelius Smith, states a fraud claim with the requisite particularity under Rule 9(b), as he has adequately alleged the who, what, when, and where.

Defendant argues that this contention is belied by Exhibit 2 to the SAC—a letter from Chase regarding the trial loan modification, which provides: "If all payments are made as scheduled, we will *consider* a permanent workout solution for your Loan."  (*See* SAC Ex. 2, Doc. 73-4 at 26 (emphasis added).)[3]  Exhibit 2 does not change the result

---

[3] The page number of the Exhibit 2 to the SAC refers to the CM/ECF generated page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-814-JST (MLGx)            Date: May 6, 2013

Title: Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

because Plaintiff alleged he relied on a specific representation made by Cornelius Smith—a representative of Chase.

Plaintiff's concealment theory is insufficiently pleaded, as is his failure-to-disclose theory regarding the New Mortgage Loan and the HELOC. *Cf. Peel v. BrooksAmerica Mort. Corp.*, 788 F. Supp. 2d 1149, 1160-62 (C.D. Cal. June 1, 2011) (denying a motion to dismiss as to plaintiff's concealment claim regarding the failure to disclose true effects of negatively amortizing loan). Finally, Plaintiff provides no authority for the proposition that the creation or recordation of a notice of default *per se* constitutes fraud.

The Motion is denied as to Plaintiff's claim concerning Chase's representation regarding the trial loan modification. In all other respects, the Motion is granted as to this claim without prejudice.

### Eighth Claim: Violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq*.

Plaintiff next alleges a violation of the Consumers Legal Remedies Act (CLRA), California Civil Code § 1750, *et seq*. The CLRA proscribes a number of "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." *Id* § 1770(a). Plaintiff contends that "Defendants' advertising (marketing materials) and representations from the inception of the New Mortgage Loan in or about August of 2006 to date to Plaintiff . . . were false, misleading and deceptive." (SAC ¶ 638.)

The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, . . . including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not they are severable from the real property." Cal. Civ. Code § 1761(a). "Services" in turn are defined as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." *Id.* § 1761(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)            Date:  May 6, 2013
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

A panel of the California court of appeal in *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006), held that various allegedly unlawful practices undertaken in connection with mortgage lending did not state a claim under the CLRA. The panel concluded:

> Plaintiffs cite no authority or make no argument demonstrating that Washington Mutual's actions were undertaken "in a transaction intended to result or which results in the sale or lease of *goods or services*." Rather, its actions were undertaken in transactions resulting in the sale of real property. The CLRA thus is inapplicable and plaintiffs have demonstrated no error in the trial court's sustaining of defendants' demurrer without leave to amend as to their CLRA cause of action.

*Id.* at 1488 (internal citations omitted).

Similarly, in *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002 (N.D. Cal. 2009), the plaintiff asserted a CLRA claim, alleging that a mortgage servicer "demand[ed] money to which it is not entitled and [tried] to enforce a rescinded loan." *Id.* at 1015. The district court dismissed the claim, concluding that the plaintiff "has challenged only the validity of the mortgage loan and not in nonancillary services related to the loan." *Id.* at 1017. The district court relied on the California Supreme Court's decision in *Fairbanks v. Superior Court*, 46 Cal. 4th 56 (2009), where the court held that life insurance is not a good or service within the meaning of the CLRA. The California Supreme Court noted that "ancillary services are provided by the sellers of virtually all intangible goods—investment securities, bank deposit accounts and loans, and so forth." *Id.* at 65.

Therefore, Plaintiff's allegation that Defendants engaged in fraudulent and unfair practices in the marketing of the New Mortgage Loan cannot support a CLRA claim.[4]

This claim is dismissed with prejudice.

---

[4] The cases Plaintiff cites all predate the California Supreme Court's *Fairbanks* decision. (*See* Opp'n at 8-9.) *Cf. Consumer Solutions*, 658 F. Supp. 2d at 1016 (noting that the *Fairbanks* decision "further undercuts the value of the [] cases" cited by the mortgagor in her CLRA claim).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-814-JST (MLGx) | Date: May 6, 2013 |
| Title: Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al. | |

**Ninth Claim: Misappropriation and Conversion of Funds**

Plaintiff's misappropriation claim is based on Chase allegedly misapplying his Trial Loan Modification payments. (*See* SAC ¶¶ 646-47.) "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen,* 68 Cal. App. 4th 1062, 1065 (1998). "To establish a conversion, plaintiff must establish an actual interference with his ownership or right of possession. . . . Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion." *Del E. Webb Corp. v. Structural Materials Co.,* 123 Cal. App. 3d 593, 610-611 (1981) (internal citation omitted).

While Plaintiff's payments may have been negligently handled, he cannot state a claim for conversion because he did not have title to the property allegedly converted (his monthly mortgage payments), nor was his right to possession interfered with. *See id.*

Plaintiff argues that he may pursue the equitable remedy of accounting, relying on *Naranjo*, 2012 WL 3030370, at *9, where the district court held that the plaintiff could seek such a remedy based on her theory that the defendants were not the proper assignee under the deed of trust. While Plaintiff's theory is similar, if not identical, to the plaintiff's in *Naranjo*, the Court disagrees that Plaintiff may seek an accounting because he, by virtue of his other claims, has an adequate remedy at law. *See St. James Church of Christ Holiness v. Super. Ct.*, 135 Cal. App. 2d 352, 359 (1955) ("If a complaint sets forth all the facts necessary for the calculation of an account between the parties, recovery may be had in an action at law. A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law.") (internal citation omitted)); *see also Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1055 (C.D. Cal. 2012) (same).

Accordingly, this claim is dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)                         Date:  May 6, 2013
Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

### Tenth Claim: Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff's tenth claim is for a breach of the implied covenant of good faith and fair dealing.  "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract."  *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).  The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-1094 (2004) (citation omitted).  "Breach of the covenant of good faith and fair dealing gives rise to a *contract action* or, in limited contexts, a *tort action* with the tort measure of compensatory damages and the right to recover punitive damages."  1 Witkin, Summary 10th (2005) Contracts, § 800, p. 894 (internal citations omitted).

Plaintiff's allegations surrounding his trial loan and Defendants' failure to grant him a permanent loan modification state a claim for breach of the implied covenant.  Plaintiff has not pleaded facts showing that he was in a "special relationship" with Defendants, so this claim may only proceed as a contract action.  *See Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999) ("tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer").

The Motion is denied only as to Plaintiff's breach-of-implied-covenant claim under a contract (and not tort) theory of recovery.

### Twelfth Claim: Breach of Implied and/or Express Warranty

Plaintiff asserts his claim for breach of warranty, contending that "[e]very contract implies a covenant of good faith and fair dealing between the parties."  (SAC ¶ 678.)  This is true, and this is Plaintiff's *tenth* claim.  The SAC does not allege the existence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)                                    Date:  May 6, 2013

Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

implied or express warranties; rather, Plaintiff alleges breaches of various contracts (the subject of other claims) and statutes, such as the Home Affordable Modification Program (HAMP).  (*See* SAC ¶¶ 680-690.)

This claim is dismissed without prejudice.

### Thirteenth Claim: Negligence

Plaintiff thirteenth claim is for negligence based on two different theories.  First, Plaintiff alleges Defendants negligently handled his five payments under the trial loan modification.  (SAC ¶ 694.)  Second, Plaintiff alleges that Defendants were negligent in failing to respond to seven Qualified Written Requests (QWR).  (SAC ¶ 695.)  "The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages."  *Friedman v. Merck & Co.*, 107 Cal. App. 4th 454, 463 (2003).

As the Court previously explained, Plaintiff cannot convert an alleged violation of a federal statute (the FDCPA) into a common-law negligence claim.  (*See* Doc. 72 at 15.)  Thus, Defendants' alleged failure to respond to Plaintiff's QWRs do not constitute a negligence claim.

Plaintiff's other contention, that Defendants were negligent in handling his trial loan modification payments, also fails.  The parties agree that "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise beyond the domain of the usual money lender.  Normal supervision of the enterprise by the lender for the protection of its security interest in loan collateral is not 'active participation.'"  *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980).

"Numerous cases have characterized a loan modification as a traditional money lending activity."  *Casault v. Fed. Nat'l Mortg. Ass'n*, --- F. Supp. 2d ----, CV 11-10520-DOC (RNBx), 2012 WL 6861701, at *13 (C.D. Cal. Nov. 26, 2012) (quoting *Settle v. World Sav. Bank, F.S.B.,* ED CV 11-00800 MMM, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012)).  The *Casault* court concluded that loan modification is "intimately tied to Defendant's lending role," and thus does not give rise to a duty, and that a holding to the contrary would have the perverse effect of making a financial institution "less likely to assist borrowers with defaulted loans if the financial institution would be held to a higher


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-814-JST (MLGx)                                     Date:  May 6, 2013

Title:  Mohammad A. Mazed v. JP Morgan Chase Bank, N.A., et al.

duty of care for exercising leniency." *Id.* (quotation marks and citations omitted).  This Court therefore joins the weight of authority that holds that a lender or servicer does not owe a higher duty of care in offering a loan modification.

Because Plaintiff has not demonstrated the threshold element of duty, the Court need not consider the remaining elements of the negligence tort.

Accordingly, this claim is dismissed with prejudice.

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

Plaintiff's eighth, ninth, and thirteenth claims (CLRA, Misappropriation, and Negligence, respectively) are DISMISSED WITH PREJUDICE.

Plaintiff's fifth claim (except as to the theory of Chase's representation regarding the trial loan modification), tenth claim (only as to a *tortious* claim for breach of the implied covenant of good faith and fair dealing), and twelfth claim are DISMISSED WITHOUT PREJUDICE.

In all other respects, the Motion is denied.  Any motion for leave to file an amended complaint must comply with the deadlines established in the Court's Scheduling Order.  (Doc. 80.)

Initials of Preparer:  tg