UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY · DAVIS · IRVINE · LOS ANGELES · MERCED · RIVERSIDE · SAN DIEGO · SAN FRANCISCO      SANTA BARBARA · SANTA CRUZ



FILED
CLERK, U.S. DISTRICT COURT

JAN 22 2014

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

January 14, 2014

Professor Katherine Porter
UC Irvine School of Law
401 E. Peltason Drive, Law 3800
Irvine, CA 92697-8000-05
kporter@law.uci.edu
(949) 824-9558

The Honorable Josephine L. Staton
411 W 4th St
Santa Ana, CA 92701

The Honorable Arthur Nakazato
411 W 4th St
Santa Ana, CA 92701

RE: Expert Report (Case no. 8:11-cv-00814-JLS-JPR)

Dear Judge Josephine Staton and Judge Arthur Nakazato,

It has come to my attention that Mr. Mo Mazed (plaintiff in case no. 8:11-cv-00814-JLS-JPR) has contacted some academic mortgage experts, misrepresenting that I prepared an Expert Report ("Report") for his case. I did not prepare any Report and I was never an expert in Mr. Mazed's case. I want to inform the court of these facts to prevent any misrepresentations.

The attached Report was sent to me by another law professor with a note that Mr. Mazed had stated in writing that I prepared the Report. This is not true. I have never seen it and did not write it.

Indeed, I have never been an expert in this case. Mr. Mazed's attorney, Mr. Ivan Posey, contacted me in September 2011, inquiring about my suitability and interest to be an expert witness in the case. I had a pre-engagement conversation with Mr. Posey and, at his request, sent a retainer agreement for Mr. Posey to sign and return to me for countersigning. Mr. Posey never returned the agreement to me. An attorney-client relationship was never established. The next time I heard from Mr. Posey was ten months later in July 2012 asking to meet to again discuss my serving as an expert. I immediately responded with the following message regarding my inability to act as an expert in the case (email attached dated July 18, 2012):

> I am not able to take on any expert engagements or have further conversations with you. In the several intervening [months] since we spoke, I have accepted a position as the California Monitor for the national mortgage settlement. I cannot assist you with your case.

UNIVERSITY OF CALIFORNIA, IRVINE

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO  SANTA BARBARA • SANTA CRUZ

I have attached the Report that Mr. Mazed is falsely asserting to be my work as well as the email quoted above.

Please contact me if you have any questions.

Very truly yours,

Professor Katherine Porter
UC Irvine School of Law

| | |
|---|---|
| **From:** | Porter, Katherine |
| **Sent:** | Wednesday, July 18, 2012 4:09 PM |
| **To:** | <ivan.posey@kindredposey.com> |
| **Subject:** | Re: Mazed v. Chase |

I am not able take on any expert engagements or have any further conversations with you. In the several intervening mos. since we spoke, I have accepted a position as the California Monitor for the national mortgage settlement. I cannot assist you with your case.

Katie Porter
Sent from my iPhone

On Jul 18, 2012, at 2:39 PM, "Ivan Posey" <ivan.posey@kindredposey.com> wrote:

> Dear Professor Porter,
>
> As I mentioned in my v-mail, we would like to meet you down at UCI (we will pay for coffee, etc.).
>
> Do you have time within the next couple of weeks?
>
>
> Ivan Posey, Esq.
> **Kindred | Posey**
> 1603 Manor Gate Road
> Hacienda Heights, CA  91745
> Phone: (888) 499-5558 | Fax: (213) 559-8822 | E-mail: Ivan.Posey@KindredPosey.com
>
> www.KindredPosey.com
>
> The preceding email message is for the intended recipient only and may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.
>
> Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

1

Professor -----
Graduate School of Law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MOHAMMAD A. MAZED, an individual;<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY (a wholly owned subsidiary of JP MORGAN CHASE BANK, N.A); and DOES 1 Through 100, inclusive;<br><br>Defendants | Case No: SACV11-814-JST (MLGx)<br><br>Plaintiff's Expert Witness's Declaration For Defendants' Lack Of Right To Judicial Foreclosure |

# PLAINTIFF'S EXPERT WITNESS'S DECLARATION FOR DEFENDANTS' LACK OF RIGHT TO JUDICIAL FORECLOSURE

This is an expert witness declaration for Plaintiff Mohammad A. Mazed ("Plaintiff") for **Lack Of Right To Judicial Foreclosure**, preventing Defendants JP Morgan Chase N.A., ("CHASE") and its wholly owned subsidiary California Reconveyance Company (CRC) (collectively "Defendants") from foreclosing a single family residence, located at 17460 Bramble Court, Yorba Linda, California 92886 ("Subject Property").

## COUNTY OF -----, STATE OF -------

The deponent, being first duly sworn, deposes and says on oath as follows:

1. My name is -------------.

2. I am a professor of law at the -------------.

3. My area of legal expertise is Mortgage Securitization, Derivative, Contract and Financial Regulation

4. My curriculum vitae is attached with this affidavit.

5. I am familiar with the industry standards, customs and practices of mortgage securitization, as a result of my education, teaching and work experience as set out in my curriculum vitae.

6. I have been retained by Plaintiff in this matter to review the documents presented by both Plaintiff and Defendants to the Court and to opine as to whether Defendants are in fact the owner of Plaintiff's note, secured by a mortgage or Deed of Trust upon which the Defendants have foreclosed and claimed ownership of the Subject Property in various court documents.

7. In formulating my opinion, I have reviewed the documents presented by both Plaintiff and Defendants to the Court and the securitization documents related to the Realestate Mortgage Investment Conduit ("REMIC")

namely the WaMu 2006-AR13 Pass Through Certificate Trust and cases, but not limited to:

- *Barrioneuvo v. JP Morgan Chase*, Case No. CV 12-0572 EMC
- *Naranjo v. SBMC Mortgage and JP Morgan Chase*, Case No. CV 11-2229-L (WVG)
- *Tamburri v. Suntrust Mortgage*, Case No. C-11-2899 EMC
- *Ansanelli v. JP Morgan Chase*, Case No. CV10-03892
- *Glaski v. Bank of America*, Case No. 09CECG03601
- *West v. JP Morgan Chase*, Case No. G046516 In the court of Appeal of the State of California.
- *Veal v. American Home Mortgage Servicing & Wells* Fargo 09-14808 (US Court of Appeals 9th Circuit)
- *U.S. Bank N.A., v. Ibanez*, 458 Mass, 637 (Mass. 2011)
- *Horace v. LaSalle, N.A.,* No. CV 08-362 slip op (Cir. Ct. AL, Mar.25, 2011)
- *Kemp v. Countrywide Home Loans*, Case No. 08-02448, slip op (Nov. 16, 2010, D.N.J. Bankr.)
- *U.S. Bank National Association vs. Mohamed Sharif*, et al., 110111 NY App.2d, 2011-07835 (NY App. 2nd Dept. Nov. 1, 2011)

8.  In 2006, Plaintiff's note was securitized and sold by Washington Mutual Asset Corporation to a pool of investors in publicly traded Real State Mortgage Backed Securities (RMBS) of the WaMu 2006-AR13 Pass Through Certificate Trust.

9.  In 2008, CHASE's acquisition of failed Washington Mutual Bank via Purchase and Assumption Agreement (P&A) from Federal Deposit Insurance Corporation ("FDIC") fails to provide any proof of ownership of Plaintiff's mortgage loan.

10. Furthermore, Plaintiff's note with all the embedded conditions of prepayment penalty, late fees, initial teaser interest rate and future fluctuating interest rates tied to a market index is not a negotiable instrument.

11. Thus, simply a "holder" (according to UCC 3-301) of a note or Holder-in-Due-Course ("HDC") would not be entitled to enforce Plaintiff's note, without proving up the assignments via Sequential Chain of Title (Endorsements).

12. It is my opinion that CHASE and CRC do not own Plaintiff's mortgage loan.

13. Furthermore, to foreclose on Plaintiff's mortgage loan, the WaMu 2006-AR13 Pass Through Certificate Trust requires a proof of ownership by evidencing Sequential Chain of Title (Endorsements) from Washington Mutual Bank ("the Originator"), leading to the WaMu 2006-AR13 Pass Through Certificate Trust, as true sale occurred in real time sequence, on or before the Closing Date of September 27, 2006 per the Pooling and Serving Agreement ("PSA") of WaMu 2006-AR13 Pass Through Certificate Trust. (*See US Bank v. Ibanez* and *Horace v. LaSalle Bank*).

14. Sequential Chain of Title (Endorsements) is critical to eliminate any warehouse fraud, as same mortgage loan could be sold to many REMIC trusts, as Plaintiff has to pay once and only once against multiple claims and Plaintiff has to negotiate with the right party with proper incentives and enforcement rights.

15. The claim that Plaintiff's note was transferred to WaMu 2006-AR13 Pass Through Certificate Trust, when it is endorsed in blank simply - is an extreme deviation from industry standard, expectation, custom and practice, which prevailed at all times.

16. As required, in 2006 Plaintiff's note was not sequentially (sequentially meaning endorsement from Washington Mutual Bank to Washington Mutual Capital to Washington Mutual Asset Corporation to the

WaMu 2006-AR13 Pass Through Certificate Trust) endorsed to the WaMu 2006-AR13 Pass Through Certificate Trust.

17. Thus, Plaintiff's note is truly in absence of the required Sequential Chain of Title (Endorsements) before the Closing Date of September 27, 2006 per the Pooling and Serving Agreement ("PSA") of the WaMu 2006-AR13 Pass Through Certificate Trust. (*See US Bank v. Ibanez* and *Horace v. LaSalle Bank*).

18. Furthermore, CHASE's direct and four (4) years after the Closing Date September 27, 2006 assignment of only Plaintiff's Deed of Trust ("DOT") directly (bypassing other two (2) intermediaries of true sales, as true sales occurred in 2006) to the WaMu 2006-AR13 Pass Through Certificate Trust in or about August 2010 by Wanda Chapman, points to a very troubling fact that one cannot assign an asset, if one does not own that asset anymore in 2010.

19. Furthermore, CHASE's direct and four (4) years after the Closing Date September 27, 2006 assignment of only Plaintiff's Deed of Trust ("DOT") directly (bypassing other two (2) intermediaries of true sales, as true sales occurred in 2006) to the WaMu 2006-AR13 Pass Through Certificate Trust in or about August 2010 by Wanda Chapman, points to a very troubling fact that for out of state application, a notary must use a notary seal, thus without a notary seal, this direct and four (4) years after the Closing Date September 27, 2006 assignment is also defective.

20. Furthermore, any attempt to accept CHASE's direct and four (4) years after the Closing Date September 27, 2006 assignment of only Plaintiff's Deed of Trust ("DOT") to WaMu 2006-AR13 Pass Through Certificate Trust would violate the WaMu 2006-AR13 Pass Through Certificate Trust's provisions per IRS tax code(s).

21. Thus, Plaintiff's note is truly in absence of the required Sequential Chain of Title (Endorsements) before the Closing Date of September 27, 2006

per the Pooling and Serving Agreement ("PSA") of the WaMu 2006-AR13 Pass Through Certificate Trust. (*See US Bank v. Ibanez* and *Horace v. LaSalle Bank*).

22. Furthermore to foreclose on Plaintiff's note the WaMu 2006-AR13 Pass Through Certificate Trust requires a proof of actual transfer and actual delivery of Plaintiff's mortgage files from Washington Mutual Asset Corporation ("the Depositor") to LaSalle Bank, the trustee of WaMu 2006-AR13 Pass Through Certificate Trust on or before the Closing Date of September 27, 2006, per the Pooling and Serving Agreement ("PSA") of the REMIC (PTC or Trust) namely WaMu 2006-AR13. (*See Kemp v. Countrywide Home Loan and US Bank v. Mohamed Sharif*).

23. Actual transfer and actual delivery of mortgage files is an industry standard, expectation, custom and practice.

24. Thus an absence of the actual transfer and actual delivery of the Plaintiff's mortgage files from Washington Mutual Asset Corporation ("the Depositor") to LaSalle Bank, the trustee of the WaMu 2006-AR13 Pass Through Certificate Trust is very compelling.

25. It is my opinion that the WaMu 2006-AR13 Pass Through Certificate Trust does not own Plaintiff's note, because of the critical problems in the Chain of Title due to (a) irreparable defects in Sequential Chain of Title (Endorsement) by Washington Mutual Bank to WaMu 2006-AR13 Pass Through Certificate Trust before the Closing Date September 27, 2006; and (b) irreparable non-transfer and non-delivery of Plaintiff's mortgage files by Washington Mutual Asset Corporation ("the Depositor") to WaMu 2006-AR13 Pass Through Certificate Trust before the Closing Date September 27, 2006.

26. It is also my opinion that any servicer of Plaintiff's mortgage loan has no standing, as the WaMu 2006-AR13 Pass Through Certificate Trust does not own Plaintiff's mortgage loan with any enforceable right.

1  I make this affidavit on personal knowledge.
2  Further affiant saith not.

_____
Prof.

COUNTY OF --- STATE OF ----

**SWORN TO AND SUBSCRIBED BEFORE ME** on this day ---- of ---, 2013, witness in my hand and official seal of the office.

_____
NOTARY PUBLIC STATE OF ------

**PLAINTIFF'S EXPERT WITNESS DECLARATION FOR
LACK OF RIGHT TO JUDICIAL FORECLOSURE**